**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**SINISA DJORDJEVIC,**

|  |  |
|---|---|
| Plaintiff, | Case No.: |
|  | Date Filed: 4/15/2022 |

v.

**UNIVERSAL PROTECTION SERVICE LLC**          **COMPLAINT**
                                                                              **DEMAND FOR JURY TRIAL**


                              Defendant.
------------------------------------------------------------X

      NOW COMES Plaintiff Sinisa Djordjevic ("Plaintiff") and proffers this Complaint for damages against Defendant Universal Protection Service LLC ("Defendant").

## JURISDICTION AND VENUE

      1.    This action is brought by Plaintiff to redress violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL").

      2.    This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

      3.    This Court has supplemental jurisdiction over this controversy under the New York Labor Law pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

      4.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conducts business in this judicial District, and substantial parts

of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

5.      Defendant has willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for time worked in excess of 40 hours in a work week, (b) failing to pay Plaintiff minimum wages, (c) unlawfully withholding wages in violation of NYLL § 193, (d) failing to provide the required paid sick leave in violation of NYLL § 196-B, and (e) failing to provide Plaintiff with accurate wage statements.

## THE PARTIES

6.      Plaintiff Sinisa Djordjevic  is an individual and a resident of New York, New York.

7.      Plaintiff is a Security Officer at Benson Condominiums, a residential building located at 143 East 34th St, Manhattan, NY 10016.

8.      At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the FLSA and New York Labor Law.

9.      Defendant Universal Protection Service LLC is foreign limited liability company registered to do business in the state of New York.

10.     Defendant provides security services throughout the United States.

11.     At all times relevant herein, Defendant has been Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

12.     Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000 during the time periods relevant herein.

13.     At all times relevant herein, Defendant was fully aware of the fact that they were legally required to comply with the FLSA and NYLL.

## STATEMENT OF FACTS

14.     Plaintiff began his employment with Defendant or its predecessor entities on or around October 1996.

15.     In or around October 2002, Plaintiff was assigned to the Benson Condominiums.

16.     At all times relevant herein, Plaintiff was employed in the position of Security Officer.

17.     In this position, he maintained the security of the building through his work at the front desk, greeted visitors, handled incoming/outgoing mail and packages, among other duties.

18.     Under Defendant's vacation policy and/or practice, Plaintiff was entitled to three weeks of vacation.  If Plaintiff did not use his vacation, it was paid out toward the end of the calendar year.  This occurred every year from at least 2003 through 2020.

19.     In 2021, Defendant did not pay Plaintiff for his accrued vacation.  No change in the vacation policy or practice was provided to Plaintiff related to this change.

20.     In 2021, Plaintiff was paid on an hourly basis at the applicable minimum wage of $15.00 per hour.

21.     During the week of June 18, 2021 through June 24, 2021, Plaintiff worked approximately 42 hours. However, Plaintiff was only paid for 34 hours.

22.     During additional weeks in July, August and September 2021, Plaintiff worked more than 40 hours. However, Plaintiff was paid for less than his total hours worked, resulting in unpaid minimum wage and unpaid overtime.

23.     During additional weeks in January and February 2022, Plaintiff worked 40 hours. However, Plaintiff was paid for less than his total hours worked, resulting in unpaid minimum wage.

24.     Plaintiff informed his manager on several occasions that he is missing payment for hours worked.  Defendant has not corrected the issue.

25.     In June 2021, Plaintiff took sick leave for one shift.  Plaintiff was not paid for this leave. Plaintiff was told by his manager, Sandy O'Neil, that Plaintiff is only paid for the hours he actually works.

26.     In early September 2021, Plaintiff took sick leave for two and half shifts for his own medical condition.  When Plaintiff returned to work after sick leave, Plaintiff was sent home because Defendant required medical or other verification in connection with sick leave.  Plaintiff was not permitted to return to work for several days.

27.     In late September 2021, Plaintiff approximately 2 additional shifts for sick leave. Plaintiff was not paid for this sick leave.

## KNOWING AND INTENTIONAL ACTS

28.     All of the preceding paragraphs are realleged as if fully rewritten herein.

29.     Defendant has knowingly, intentionally and willfully committed the acts alleged herein.

30.     Defendant has not acted in good faith.

31.     Defendant has known that the nonpayment of minimum wage, overtime pay, sick pay, and other wages would financially injure Plaintiff.

32.     Defendant did not provide Plaintiff with full and accurate wage statements when wages were paid.

33.    Defendant has failed to maintain contemporaneous, true and accurate payroll records.

## FIRST CAUSE OF ACTION
### N.Y. Lab. Law, Art. 19, § 650 *et seq*. - Failure to Minimum Wage

34.    All of the preceding paragraphs are realleged as if fully rewritten herein.

35.    The New York Labor Law requires that employers pay employees a minimum wage for each hour worked.

36.    Defendant failed to pay Plaintiff the required minimum wage for all hours worked as set forth herein.

37.    Plaintiff is entitled to recover from Defendants his unpaid minimum wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL.

## SECOND CAUSE OF ACTION
### N.Y. Lab. Law - Failure to Pay Overtime

38.    All of the preceding paragraphs are realleged as if fully rewritten herein.

39.    The New York Labor Law requires that employers pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.

40.    Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for each hour of work over forty hours in one work week.

41.    Said violations were not in good faith within the meaning of NYLL.

42.    Defendant was aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek.

43.     Defendant knew or should have known of the overtime payment requirement of the NYLL and the supporting New York State Department of Labor regulations and that Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 per workweek.

44.     Defendant's refusal to properly compensate Plaintiff as required by the NYLL was willful.

45.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

46.     Plaintiff is entitled to recover from Defendant his unpaid overtime wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**N.Y. Lab. Law, Art. 6 § 195 (3) – Wage Theft Prevention Act**

47.     All of the preceding paragraphs are realleged as if fully rewritten herein.

48.     NYLL requires that employers furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages.   For all employees who are not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay;  the overtime rate or rates of pay;  the number of regular hours worked, and the number of overtime hours worked. NYLL Art. 6 § 195(3)

49.     Defendants have willfully failed to supply Plaintiff with accurate Wage Statements as required by NYLL, Article 6, § 195.

50.     As a result of these violations, Plaintiff is entitled to two hundred fifty dollars for each day that Defendant failed to provide accurate Wage Statements (with a cap of five thousand dollars) in violation of NYLL § 195(3) plus all other relief available under NYLL § 195.

## FOURTH CAUSE OF ACTION
### N.Y. Lab. Law, Art. 6 § 193 – Deductions

51.     All of the preceding paragraphs are realleged as if fully rewritten herein.

52.     Defendant violated NYLL Art. 6 § 193 by making unlawful deductions and withholding wage payments and wage supplement payments, including vacation pay, to Plaintiff, as set forth herein.

53.     Defendant's unlawful deductions and withholding of wages and wage supplements has been willful and not in good faith.

54.     Plaintiff has been damaged by the unlawful deductions and withholding of wages.

55.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant the amount of the unlawful deductions and wages withheld, liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### N.Y. Lab. Law, Art. 6 § 196(3) – Failure to Pay Accrued Sick Pay

56.     All of the preceding paragraphs are realleged as if fully rewritten herein.

57.     Defendant has more than 100 employees.

58.     New York Labor Law § 196-B provides, in pertinent part, that:

> (b) For employers with between five and ninety-nine employees in any calendar year, each employee shall be provided with up to forty hours of paid sick leave in each calendar year; and (c) For employers with one hundred or more employees in any calendar year, each employee shall be provided with up to fifty-six hours of paid sick leave each calendar year.

59.    Plaintiff took sick leave on several occasions in 2021.

60.    Plaintiff was not paid for the entire amount owed for this leave in violation of NYLL 196-B.

61.    Defendant's failure to pay Plaintiff sick pay was willful and has caused Plaintiff damages.

62.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant his sick pay, liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Overtime Wages

63.    All of the preceding paragraphs are realleged as if fully rewritten herein.

64.    Plaintiff regularly worked more than 40 hours in a workweek.

65.    Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

66.    Defendants' refusal to properly compensate Plaintiff for his overtime work, as required by the FLSA, was willful.

67.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

8

A.  A jury trial on these issues to determine liability and damages.

B.  A declaratory judgment that Defendant's practices complained of herein are unlawful and in violation of the FLSA, New York Labor Law; the New York Wage Theft Prevention Act; and any other applicable statute or regulation;

C.  An injunction against Defendant and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

D.  A judgment for Plaintiff and against Defendant for compensation for unpaid minimum wages, overtime wages, and lost wages due to Plaintiff under the FLSA and New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs;

E.  A judgment for Plaintiff and against Defendant for two hundred fifty dollars for each day that Defendant failed to provide accurate Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195(3);

F.  A judgment for Plaintiff and against Defendant for compensation for paid sick pay due to Plaintiff under NYLL §§ 196-B, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiff;

G.  An award of prejudgment and post judgment interest;

H.  A judgment for Plaintiff against Defendant for attorney's fees and costs pursuant to New York Labor Law §§ 198 and 663;

I.  Such other legal and equitable relief as this Court deems appropriate.

Dated: New York, New York
April 15, 2022

<div style="margin-left: 40%;">

Respectfully submitted,


*/s/Greg Mansell*_____
Greg R. Mansell
(*Greg@MansellLawLLC.com*)
Carrie J. Elrod
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
85 8th Ave., 6M
New York, NY 10011
Ph: (646) 921-8900
*Counsel for Plaintiff*

</div>