

# MANSELL LAW LLC

**Greg R. Mansell**
Attorney at Law
Admitted in New York
Direct Dial: (614) 796-4325
Email: Greg@MansellLawLLC.com

**VIA ECF**

The Hon. Sarah L. Cave
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

MEMO ENDORSED

The parties' settlement agreement is approved by the Court.

SO ORDERED:

_/s/ Paul G. Gardephe_
Paul G. Gardephe, U.S.D.J.

Dated: Nov 21, 2022

Re: *Djordjevic v. Universal Protection Service LLC*
1:22-cv-03144-PGG-SL

Dear Judge Cave:

This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendant as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A signed copy of the Agreement is attached hereto as **Exhibit A**.

Sinisa Djordjevic initiated this action for unpaid wages on April 15, 2022. Mr. Djordjevic passed away on July 24, 2022. Mr. Djordjevic died intestate and is survived by his spouse, Margarita Djordjevic. Mrs. Djordjevic was substituted as the Plaintiff on October 11, 2022. Prior to Mr. Djordjevic's passing, the parties exchanged payroll records and Mr. Djordjevic provided Defendant with a demand for purposes of mediation. Before the mediation could occur, Mr. Djordjevic passed away. After substituting Mrs. Djordjevic as Plaintiff, the parties continued settlement negotiations and reached a resolution.

Mr. Djordjevic alleged that he was employed by Defendant as a Security Officer or Doorman. The action alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Mr. Djordjevic alleged that Defendant engaged in violations of the FLSA and NYLL, including failure to pay appropriate overtime wages, minimum wages, unlawfully withholding wages, and failure to provide accurate wage statements. Defendant has denied these allegations and asserted several affirmative defenses.

### I.     The Proposed Settlement is Fair and Reasonable

Under the Agreement, Defendant will pay $9,800.00 to settle all claims. This settlement amount will be paid in one installment via three (3) separate checks. The checks shall be sent to

the office of Plaintiff's counsel Gregory R. Mansell, Esq.. The settlement amount will be paid within 21 days of the Court's approval of the Agreement provided that Defendant has received the tax forms specified in the Agreement. The installment shall consist of:

- One check made payable to Plaintiff Margarita Djordjevic in the gross amount of $2,637.46, less applicable withholdings, and for which an IRS Form W-2 will be issued to Plaintiff Margarita Djordjevic;

- One check made payable to Plaintiff Margarita Djordjevic in the gross amount of $2,637.46, for which an IRS Form 1099-MISC (Box 3) will be issued to Plaintiff Margarita Djordjevic;

- One check made payable to Mansell Law LLC in the gross amount of $4,525.08 for attorneys' fees and costs, which shall be reportable on an IRS Form 1099-MISC (Box 10) issued to Mansell Law LLC.

Mr. Djordjevic alleged that he was entitled to unpaid wages from Defendant in the amount of approximately $4,365.00, including liquidated damages. This calculation is based on Mr. Djordjevic's estimate of the number of hours worked. Mr. Djordjevic's claims presented challenges because he alleged that he worked different hours than indicated on Defendant's records and his claims relied primarily on his testimony. Since Mr. Djordjevic's passing, this presented a more significant hurdle for Plaintiff to prevail. Defendant has denied that Mr. Djordjevic was paid improperly or that his pay statements were inaccurate.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved").

There are contested factual and legal disputes that went to the heart of Mr. Djordjevic's claims. Defendant contested all of Mr. Djordjevic's substantive allegations. In light of her husband's passing, Mrs. Djordjevic does not wish to prolong the time and expenses dedicated to this matter, she is glad to be able to recover all of her husband's unpaid losses and is ultimately pleased with the settlement amount.

Considering the facts in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

4857-1187-2063, v. 2

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $4,525.08 from the settlement as attorneys' fees and costs. This represents remuneration of the filing fees, costs incurred in filing of the Complaint and service of process, plus forty percent (40%) of the recovery in this litigation as attorneys' fees. These are fees from the provisions of Mr. Djordjevic's retainer agreement, which provide that forty percent (40%) of the recovery will be retained by the firm. **Exhibit B**. The lodestar amount, as reflected on the following chart, is $7,065.00, plus $605.08 in costs.

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Greg R. Mansell | $450.00 | 15.7 | $7,065.00 |

A copy of the detailed hours and costs is attached hereto as **Exhibit C**. Here, the lodestar greatly exceeds the amount counsel will actually receive under the settlement. Accordingly, the $3,920 in attorneys' and $605.08 in expenses provided to Plaintiff's counsel under the settlement is fair and reasonable because it is far below the reasonable hourly rate multiplied by the number of hours expended. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008) (In the Second Circuit, courts calculate the presumptively reasonable attorney's fees as the product of a reasonable hourly rate and hours reasonably expended on the litigation.) In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees." (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

   i.   Greg R. Mansell, Esq. ("GRM"), is the Founder and Managing Partner of Mansell Law LLC. He is a 2009 graduate of The Ohio State University, Moritz College of Law and licensed to practice in the State of Ohio and New York. Since his licensure, he has almost exclusively practiced employment and wage and hour litigation. Mr. Mansell founded Mansell Law LLC in March of 2012 as a solo practitioner. Mansell Law LLC now has 4 attorneys: 2 Partners, and 2 Associates and operates out of offices located in Columbus, Ohio and New York, New York. Mr. Mansell has served as lead counsel or co-counsel on more than 450 employment law cases in both federal and state courts in New York and Ohio, over 40 of which have been wage and hour case class or collective actions. Mr. Mansell has obtained more than 10 judgements, arbitrators' awards, and jury verdicts under federal and state employment laws and successfully argued before State and Federal Court of Appeals. He has presented at seminars and classes related to employment litigation and trial practice topics as well as drafted and published several articles on employment law.

4857-1187-2063, v. 2

He has been selected by his peers as a Super Lawyer, Rising Star between 2014-2019, and 2021-2023 in Plaintiff Side Employment Law. He has also been selected to the U.S. News and World Reports, Best Lawyers in America publication for the past five consecutive years (2019-2023) in two categories: (1) "Employment Law – Individuals"; (2) "Litigation – Labor and Employment." Mansell Law, LLC has also been selected to the U.S. News and World Reports, Best Lawyers in America publication as Best Law Firms in America for the past four consecutive years (2020-2023) in two categories: (1) "Employment Law – Individuals"; (2) "Litigation – Labor and Employment." His current hourly rate in New York is $450 per hour, Mansell Law LLC's current usual, and customary rate for Partner's in New York for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450 per hour for Managing Partner's with Mr. Mansell's level of experience are reasonable. *See Martinex v. New 168 Supermarket*, No. 19-cv-4536, 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 18, 2020); *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019); *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 WL 9945754, at *9 (E.D.N.Y. October 17, 2018); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (Discussing the range of reasonable hourly rates in this district); (see also *2018 Real Rate Report thru September 2018* by Wolters Kluwer, which provides that the mean "real rate" for partners and associates in 2018 for attorneys working in labor and employment law in New York City was $682/hour and $473/hour, respectively).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Greg R. Mansell
Greg. R. Mansell
*Greg@MansellLawLLC.com*
Mansell Law, LLC
85 8th Ave., #6M
NY, New York 10011
*Counsel for Plaintiff*

Enclosures

cc: Defendant's Counsel (via ECF)

4857-1187-2063, v. 2